**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| EFRAIN HERNANDEZ-CARRASQUILLO, et al. | |
| Plaintiffs | |
| v. | **Civil No. 02-1964(SEC)** |
| MUNICIPALITY OF CEIBA, et al. | |
| Defendants | |

**OPINION AND ORDER**

Before the Court is Defendants' motion for summary judgment (Docket # 29) and Plaintiffs' opposition thereto (Docket # 44). The Court previously referred said motion to Magistrate-Judge Aida Delgado-Colón for a Report and Recommendation (Docket # 52). On March 3, 2005 Magistrate Delgado-Colón issued her Report, recommending that Defendants' motion for summary judgment be granted in part and denied in part (Docket # 63). Specifically, Magistrate Delgado-Colón recommended that: (1) Plaintiffs' political discrimination claims for incidents occurring from 1997 to 1999 be dismissed with prejudice as they are time barred; (2) Plaintiffs' claims against Co-defendants Maribel Rosario, José M. Sandoz, Daniel Osorio and María D. Rodríguez be dismissed with prejudice for lack of personal involvement; (3) Co-defendants Gerardo Cruz-Maldonado's and Humberto Gonzalez-Gonzalez's request for summary judgment be denied; (4) Plaintiffs' political discrimination claims stemming from incidents occurring in 2002 remain pending against Co-defendants Cruz-Maldonado and González-González; and (5) Plaintiffs' supplemental law claims under the laws of the Commonwealth of Puerto Rico also remain pending against said Co-defendants (Docket # 76).

Only Defendants have filed an objection to the Magistrate's Report alleging that summary judgment should be granted in its entirety since: (1) the affidavits used by Plaintiffs, and considered by the Magistrate, to controvert Defendants' statement of facts were improperly before the Court since these were not disclosed to Defendants during the

**Civil No. 02-1964(SEC)**                                                                                                                2
_____

discovery period in violation of Rules 26 and 56 of the Federal Rules of Civil Procedure and Local Rules 26 and 56 (Docket # 66 at ¶ 1); (2) Plaintiffs' exhibits should have been stricken for violating the Court's "anti-ferret" rule, Local Rule 56(a)(c) (Docket # 66 at ¶ 2); (3) Defendants' statement of uncontested facts should have been deemed admitted in its entirety since Plaintiffs' failed to submit a separate statement of contested facts as required by Local Rule 56 (a)(e) (Docket # 66 at ¶ 3); (4) Plaintiffs' evidence consisted of mere conclusory and unsubstatiated factual aversions which are insufficient to establish a *prima facie* case of political discrimination (Docket # 66 at ¶¶ 4-6); and (5) the Magistrate erroneously relied on improper evidence, Plaintiffs' affidavits, to conclude that Co-defendants Cruz-Maldonado and González-González were not entitled to qualified immunity (Docket # 66 at ¶ 7).

Plaintiffs, on the other hand, have failed to timely object to the Magistrate's Report and have not opposed Defendants' objection to said report, and the time allotted for doing so has expired. Therefore, the Court will **APPROVE and ADOPT** the portions of the Magistrate's Report and Recommendation which recommend the dismissal of Plaintiffs' political discrimination claims stemming from incidents which occurred between 1997 and 1999 and the dismissal of all of Plaintiffs' claims against Co-defendants Rosario, Sandoz, Osorio and Rodríguez. However, the Court will **REJECT** the remaining portions of the Magistrate's Report and Recommendation and proceed to dismiss all of Plaintiffs' political discrimination claims against **all** Defendants. Accordingly, the Court will **GRANT** Defendants' motion for summary judgment in its entirety.

**Standard of Review**

Pursuant to 28 U.S.C. §§ 636(b)(1)(B), Fed. R. Civ. P. 72(b) and Local Rule 72(a) for the District of Puerto Rico, a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. See Alamo Rodríguez v. Pfizer Pharm., Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely affected party can "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being

served' with a copy of the order." <u>United States of America v. Mercado-Pagán</u>, 286 F. Supp. 2d 231, 233 (D.P.R. 2003) (<u>quoting</u> 28 U.S.C. § 636(b)(1)). Aside from being filed in a timely manner, objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objection." Local Rule 72(d).

The scope of review of a Magistrate's recommendation is set forth in 28 U.S.C. § 636(b)(1)(c). This section provides that "[a] judge of the [district] court shall make a <u>de novo</u> determination of those portions of the report or specified findings or recommendations to which [an] objection is made." <u>Id.</u> The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections,"'the district court can assume that they have agreed to the magistrate's recommendation.'" <u>Alamo-Rodríguez</u>, 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (<u>quoting</u> <u>Templeman v. Chris Craft Corp.</u>, 770 F.2d 245, 247 (1st Cir. 1985)). Thus, no review is required of those issues to which objections are not timely raised. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986); <u>Borden v. Sec'y of Health & Human Servs.</u>, 836 F.2d 4, 6 (1st Cir. 1987). In fact, a party who fails to file any objections to the Magistrate Judge's Report and Recommendation within ten days of its filing waives his or her right to appeal from the district court's order. <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-51 (1st Cir. 1994); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 5 (1st Cir. 1986); <u>Davet v. Maccarone</u>, 973 F.2d 22, 30-31 (1st Cir. 1992) ("[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal").

**Applicable Law and Analysis**

At the outset, the Court notes that Plaintiffs have failed to object to the Magistrate's recommendation that all of their political discrimination claims stemming from incidents which took place between 1997 and 1999 be dismissed as time barred and that all of their

**Civil No. 02-1964 (SEC)** 4

claims against Co-defendants Rosario, Sandoz, Osorio and Rodríguez be dismissed. Thus, we are not required by law to review it. However, upon review, we find no fault with Magistrate Judge Delgado-Colón's assessment and thus **APPROVE** and **ADOPT** said portions of her Report and Recommendation as our own. Consequently, Plaintiffs' political discrimination claims for incidents between 1997 and 1999 will be **DISMISSED WITH PREJUDICE** and all of Plaintiffs' claims against Co-defendants Rosario, Sandoz, Osorio and Rodríguez will be **DISMISSED WITH PREJUDICE**.

As to Plaintiffs' claims against Co-defendants Cruz-Maldonado and González-González, we review the Magistrate's report *de novo*, taking into consideration Defendants' timely objections to said findings. Defendants' arguments for dismissal of all of Plaintiffs' claims can be classified in four groups: (i) Plaintiffs' evidence, two (2) affidavits, are improperly before the Court and should be disregarded accordingly; (ii) Defendants' statement of uncontested facts should have been deemed admitted; (iii) Plaintiffs failed to present a *prima facie* case of political discrimination; and (iv) Co-defendants Cruz-Maldonado and González-González, in their personal capacities, are entitled to qualified immunity (Docket # 66). We review each of these objections in this same order to the extent that it becomes necessary.

**1. Plaintiffs' Affidavits**

In support of their opposition to Defendants' motion for summary judgment, Plaintiffs filed two (2) affidavits; one by Angel L. Piñero-Matos (the "Piñero Affidavit") and another by Ismael Velázquez-Rivera (the "Velázquez Affidavit") (Docket # 56). However, Defendants allege, and it remains undisputed, that said affidavits should not be considered in the adjudication of their request for summary judgment since, notwithstanding the fact that Plaintiffs had access to the affidavits prior to the conclusion of discovery, they failed to provide Defendants said affidavits during the course of said discovery (Docket # 66 at ¶ 1). We agree.

**Civil No. 02-1964 (SEC)** 5

Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure provides that, as part of discovery, a party should produce "a copy of, or a description by category and location of, **all documents**, data compilations, and tangible things **that are in the possession, custody, or control** of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment." Fed.R.26(a)(1)(B) (emphasis added). The scope of said discovery includes "any matter, not privileged, that is **relevant** to the claim or defense of any party." Fed. R. 26(b)(1) Civ. P. (emphasis added). Thus, there can be little doubt that this rule includes any written statement made by a potential witness for trial, prior to the closing of the discovery period.

Rule 37(c)(1) provides for the imposition of sanctions should a party fail to make said disclosures. Specifically, the Rule states that failure to disclose materials otherwise discoverable may hinder a party's ability to present said evidence "at a trial, at a hearing, or on a motion." Fed. R. 37(c)(1) Civ. P. The affidavits in question here are both dated March 20, 2003 (Docket # 56, Exs. 1 & 2). Defendants' motion for summary judgment was filed on March 4, 2004, more than one (1) year after Plaintiffs took their witnesses' affidavits. Obviously, these affidavits were in Plaintiffs' possession during the course of discovery and, per Defendants' allegations, Plaintiffs failed to share copies with Defendants. Thus, at this juncture, we cannot allow Plaintiffs to benefit from their earlier violation to the rules of discovery as set forth in Rule 26 of the Federal Rules of Civil Procedure. As such, we find that the consideration of said exhibits in the adjudication of Defendants' motion for summary judgment was unwarranted.[1]

**2. Defendants' Statement of Uncontested Facts**

Next, Defendants argue that Plaintiffs failed to comply with Local Rule 56(a) and

---

[1] Plaintiffs were alerted to this possibility several times by the Magistrate Judge. See Docket # 63 at n. 12-13 & 15.

**Civil No. 02-1964 (SEC)** 6

56(c). Local 56(c) provides that a party opposing a motion for summary judgment must file a separate statement of material facts contesting the facts set forth by the moving party. Local Rule 56(c) further requires that said opposing statement "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, [ ] support each denial or qualification by a record citation as required by this rule." Local Rule 56(c).

Unless the non-moving party complies with the above-stated rules and controverts the movant's statement, all the material facts set forth in the movant's statement "shall be deemed to be admitted." Local Rule 56(e); Cosme-Rosado v. Rosado-Figueroa, 360 F.3d 42 (1st Cir. 2004). This is the so-called "anti-ferret rule." See, e.g., Orbi, S.A. v. Calvesbert & Brown, 20 F. Supp. 2d 289, 291 (D.P.R. 1998). While failure to comply with this rule does not automatically warrant the granting of summary judgment, "it launches the nonmovant's case down the road toward an early dismissal." Tavárez v. Champion Prods., Inc., 903 F. Supp. 268, 270 (D.P.R. 1995).

Even a cursory review of Plaintiffs' opposition to Defendants' motion for summary judgment demonstrates that Plaintiffs failed to comply with this Rule. Plaintiffs did not file a separate statement of contested facts as required by Local Rule 56(c). Instead, Plaintiffs filed a motion titled "Plaintiff's Opposition to Defendants' Statement of Material Facts," which only addresses five (5) of Defendants' statement of facts **without proper citations to the record** (Docket # 44). Thus, strictly speaking, Defendants' statement of contested facts should have been admitted in its entirety.² As such, those factual averments contained

---

² In her Report and Recommendation, Magistrate Delgado-Colón included three (3) footnotes making reference to Plaintiffs' violation of Local Rule 56(c) and suggesting that Defendants' statement of uncontested facts could have been deemed admitted in its entirety. Specifically, the Magistrate stresses that her "recommendation is issued out of extreme caution and in order to provide the District Court with a complete analysis of the factual and legal scenario of [ ] this case. Nonetheless, the District Court needs not to indulge and allow violations of the Local Rules for the District Court. Under this scenario, the summary judgment motion is to be granted." See Docket # 63 at notes 12, 13 & 15. At this juncture, Plaintiffs have

**Civil No. 02-1964 (SEC)**                                                                                              7

in Defendants' statement of uncontested facts properly supported by the record are hereby deemed admitted pursuant to Local Rule 56(e)("Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted."). See Mercado-Alicea v. P.R. Tourism Co., 396 F.3d 46 (1st Cir. 2005)(reaffirming the district court's enforcement of the anti-ferret rule, which "parties ignore . . . at their peril")(citations omitted).

### 3. Political Discrimination

Having found that all alleged incidents of political discrimination occurring between 1997 and 1999 are time barred, we only need to examine Co-plaintiff Hernández's transfer to another office, the sole remaining incident of political discrimination alleged by Plaintiffs. See Docket # 63 at p. 19. Political discrimination restrains freedom of belief and association, core activities protected by the First Amendment. See Elrod v. Burns, 427 U.S. 347, 354 (1976). To prevail on a political discrimination claim against Defendants, Plaintiffs must establish that they: (1) engaged in constitutionally protected conduct; and (2) that this conduct was a substantial or motivating factor in an adverse employment decision affecting them. See Mt. Healthy City Sch. Dist. Bd. v. Doyle, 429 U.S. 274, 287 (1977); Padilla-García v. Rodríguez, 212 F.3d 69, 74 (1st Cir. 2000). To meet this burden, Plaintiffs must show that there is a causal connection linking Defendants' conduct to Plaintiffs' political beliefs. See LaRou v. Ridlon, 98 F.3d 659, 662 (1st Cir. 1996). If Plaintiffs meet this burden, then Defendants have the opportunity to demonstrate, by a preponderance of the evidence, that the alleged personnel actions taken against Plaintiffs would have occurred even in the absence of his protected conduct. See Mt. Healthy, 429 U.S. at 287.

In the case at bar, the Magistrate found that there was sufficient evidence in the record

---

yet to react to said statement and others alike included by the Magistrate in her Report and Recommendation.

**Civil No. 02-1964 (SEC)** 8

to support a finding of a *prima facie* case of political discrimination (Docket # 63 at p. 20-21). Namely, that Co-plaintiff Hernández was a registered New Progressive Party affiliate, that he worked in a highly charged political atmosphere and that the tasks previously performed by Co-plaintiff Hernández were now being performed by a member of the Popular Democratic Party (Docket # 63 at pp. 20-21). In light of said finding, the Magistrate shifted the burden to Defendants to assert a legitimate non-discriminatory reason for the adverse employment action. The Magistrate found that the reason for the alleged adverse employment action, Co-plaintiff Hernández's transfer to another office, was that the office was needed for the use of the Auditor of the Comptroller's Office who was reviewing the Municipality's operations (Docket # 63 at p. 23). Then, after considering the affidavits presented by Plaintiffs, the Magistrate reasoned that the contents of the Piñero Affidavit were sufficient to defeat Defendants' alleged non-discriminatory reason for the employment action (Docket # 63 at p. 24).[3]

Defendants object to said finding premised on the fact that the affidavits used by the Magistrate were inadmissible and that Defendants' version of the facts should have been admitted, as it was not properly contested by Plaintiffs (Docket # 66). We agree. Having admitted all of Defendants' stated facts and stricken the Piñero Affidavit, we find that Plaintiffs have not presented any evidence to contest Defendants' non-discriminatory reason for the adverse employment action. On other hand, Defendants have presented evidence indicating that Co-plaintiff Hernández received wage increases during his employment at the Municipality (Docket # 28 SUF No. 33), attended seminars (Docket # 28 SUF No. 34), was not deprived of any of the projects assigned to him (Docket # 28 SUF Nos. 36 & 71), and that he was transferred so that Defendants could accommodate the Auditor of the Comptroller's

---

[3] The Magistrate was quick to reject the use of the Velázquez Affidavit since it only referred to acts occurring between 1998 and 2000, claims which she had previously found were time barred (Docket # 63 at p. 21).

**Civil No. 02-1964 (SEC)**                                                                                          9

---

Office and not for discriminatory reasons (Docket # 28 SUF Nos. 34 & 70). Thus, we find that Plaintiffs' allegations in their opposition to Defendants' motion for summary judgment are insufficient to create an issue of fact that would prevent the entry of judgment at this stage of the proceedings. Accordingly, Defendants' motion for summary judgment is **GRANTED** and Plaintiffs' claims for political discrimination for incidents which occurred in 2002 against Co-defendants Cruz-Maldonado and González-González will be **DISMISSED WITH PREJUDICE**.

### 4. Other Claims

Having dismissed Plaintiffs' political discrimination claims against all Defendants, we need not entertain Defendants' objection pertaining to Co-defendants Cruz-Maldonado and González-González entitlement to qualified immunity in their individual capacities, as their allegations and the Magistrate's Report were circumscribed to Plaintiffs' political discrimination claims. However, we comment on those claims which remain pending in this case.

Plaintiffs filed suit under 42 U.S.C. § 1983 for violations to their First, Fifth and Fourteenth Amendment rights (Docket # 1) Specifically, aside from their claims of political discrimination, Plaintiffs' claimed relief under the Due Process and Equal Protection clauses. To date, Defendants have inadvertently failed to argue for the dismissal of Plaintiffs' due process and equal protection claims so the Court cannot, *sua sponte*, dismiss the same. Notwithstanding, we further note that it appears that Plaintiffs' due process and equal protection claims should suffer the same fate as their political discrimination claims. Let us explain.

#### i. Equal Protection

The party who asserts that governmental action violates the Equal Protection Clause must show that she is "the victim of intentional discrimination." Tex. Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981). In order to state a claim under the Equal Protection Clause,

Plaintiffs must prove not only that Defendants were aware of his membership in a protected group, but also that they acted **because** of it. See Pers. Adm'r v. Feeney, 442 U.S. 256, 279 (1979). Assuming *arguendo* that Plaintiffs could prove a claim for equal protection violation, Plaintiffs cannot assert parallel claims under the First Amendment and the Equal Protection clause for the same discriminatory conduct.

The First Circuit Court has ruled that the Court does not need to engage in an equal protection analysis when the plaintiff's equal protection claim arises out of the violation of his First Amendment rights. Nestor Colón Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 44 (1st Cir. 1992). Accordingly, when a person claims relief for political discrimination under the First Amendment, he/she may not claim parallel relief under the Equal Protection clause for the same conduct. Ultimately, the First Amendment provides sufficient relief for political discrimination and the equal protection claims are merely an overlap. See e.g., Dávila-Alemán v. Feliciano-Melecio, 992 F. Supp. 91, 102 (D.P.R. 1997). Thus, since Plaintiffs are claiming relief under the First Amendment and the Equal Protection clause for the same alleged discriminatory conduct, Plaintiffs' Equal Protection claims appear to lack merit. As such, Plaintiffs' are hereby **ORDERED to SHOW CAUSE by August 12, 2005** why their claims under the Equal Protection clause should not be dismissed with prejudice. Failure to comply with this order will result in the dismissal with prejudice of said claims.

### ii. Due Process

Under the Fourteenth Amendment of the United States Constitution, no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

In order to establish a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must first prove that he or she has a property interest as defined by state law and, second, that defendants, acting under color of state law, deprived him or her of that property

**Civil No. 02-1964 (SEC)**                                                                                                11

interest without a constitutionally adequate process. See Mimiya Hosp., Inc. v. U.S. Dept. of Health & Human Servs., 331 F.3d 178, 181 (1st Cir. 2003) ("It is well established that 'individuals whose property interests are at stake are entitled to notice and an opportunity to be heard.'") (quoting Dusenbery v. United States, 531 U.S 161, 167 (2002)); see also Logan v. Zimmerman Brush Co., 455 U.S. 422,428 (1982); PFZ Properties, Inc. v. Rodríguez, 928 F.2d 28, 30 (1st Cir. 1991). Moreover, property interests are not created by the Constitution; "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972).

As it appears from the pleadings, Co-plaintiff Hernández's alleged property interest stems from his alleged right not to be transferred to another office. However, to date, it remains undisputed that Co-plaintiff Hernández's job conditions, namely, salary, rank and responsibilities, remain unaltered by his physical transfer to another office. As such, his due process claims do not appear to be actionable since there is no established right to the location of one's office, specially when Co-plaintiff Hernández's job position and responsibilities remained intact. See e.g. Vélez-Herrero v. Guzmán, 330 F.Supp.2d 62, 71-2 (D.P.R. 2004) (holding that Puerto Rico law gives employees a right not to be transferred to a different rank without employing procedural safeguards, but not when the transfer does not affect the employees rank or salary). Accordingly, Plaintiffs' are hereby **ORDERED to SHOW CAUSE by August 12, 2005** why their claims under the Due Process clause should not be dismissed with prejudice. Failure to comply with this order will result in the dismissal with prejudice of said claims.

### 5. Supplemental Law Claims

Having dismissed all of Plaintiffs' federal claims against Co-defendants Rosario, Sandoz, Osorio and Rodríguez, we will similarly dismiss Plaintiffs' Commonwealth law

claims against said Co-defendants. See Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991)("[t]he power of a federal court to hear and to determine state-law claims in non-diversity cases depends upon the presence of at least one 'substantial' federal claim in the law suit."). Accordingly, Plaintiffs' supplemental law claims against Co-defendants Rosario, Sandoz, Osorio and Rodríguez will be **DISMISSED WITHOUT PREJUDICE**.

**Conclusion**

Defendants' motion for summary judgment is **GRANTED** in its entirety. All of Plaintiffs' claims against Co-defendants Rosario, Sandoz, Osorio and Rodríguez will be **DISMISSED WITH PREJUDICE** and Plaintiffs' supplemental law claims under the laws of the Commonwealth of Puerto Rico against said Co-defendants will be **DISMISSED WITHOUT PREJUDICE**. Plaintiffs' political discrimination claims against Co-defendants Cruz-Maldonado and González-González will also be **DISMISSED WITH PREJUDICE**. Therefore, pending before the Court are Plaintiffs' due process and equal protection claims and supplemental law claims against Co-defendants Cruz-Maldonado and González-González. Partial Judgment shall be entered accordingly.

**SO ORDERED.**
In San Juan, Puerto Rico, this 29th day of July, 2005.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge